Judge Green
delivered the opinion of the Court.
The appellant Edward Jackson, ail John Jackson, j filed their bill against the Arnolds, and tion to a judgment obtained by them upon a^fca^d inw Edward. Jackson was principal, and John Jackson surety. In the' progress of the cause, the accounts between the parties were referred to a commissioner, who made his report on the 12th of October, 1S20. On the 16th of October, 1821, it was suggested that John Jackson bad departed this life since the last Term; and the cause came on to be finally heard, as to the surviving plaintiff and the defendants. By the decree of the Court, the injunction was in part dissolved, and in part perpetuated. Exceptions-to the report were filed by the plaintiffs, on the 8th day of May, 1821, which were disregarded by the Court, because they had not .been filed within the time prescribed by the rules of the Court. • Amongst other claims to set-offs' against the bond, submitted to the commissioner, rejected by him, and insisted on by the exceptions,-were two claimed by John Jackson,.the surety, on a receipt alleged to have been executed by George Jlrnold, for 45/. as paid expressly on *196 account of the bond, proved by the subscribing witness, but denied upon oath by George Arnold; the other, for $6, a debt due to hipa by James Arnold, admitted by the latter.
The representative of John Jackson, who had been a party to the suit, was interested in the fate of this injunction; and it ought not to have been dissolved, without affording him an opportunity to be hoard. This opportunity should have been given to him, by makings rule upon him, at the instance of the defendants, if they chose to make a motion to that effect; that unless he revived the suit by an appointed time, the injunction should stand dissolved. If he failed to revive accordingly, the injunction might have been dissolved in whole or in part, as to John Jackson, if, upon a hearing as to Edward Jackson, it ought to have been dissolved, in whole or in part, as to him. The hearing of the cause, as to 'Edward Jackson, was therefore premature; and it would not be proper, in this Court, now to examine the merits of the cause, in the absence of the representative of John Jackson, who has had no opportunity to be heard.
On this ground, the decree should be reversed, and the cause remanded.